IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A. RODELL SEVERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04-319E |
| | ) |
| THOMAS S. CASTILLENTI and REVA J. CASTILLENTI, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS, THOMAS S. CASTILLENTI AND REVA J. CASTILLENTI, FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF**

AND NOW, comes Defendants, Thomas S. Castillenti and Reva J. Castillenti, by and through their attorneys Dickie, McCamey & Chilcote, P.C. and file the following First Set of Interrogatories and Request for Production of Documents to Plaintiffs and pursuant to the Pennsylvania Rules of Civil Procedure demands that Plaintiff make full and complete answers under oath to the following interrogatories and requests for production of documents within thirty (30) days after service upon you.  It is required that these interrogatories be supplemented up until the time of trial.  It is to be understood that any reference to "the accident" or "the incident" is intended to refer to the accident or incident which is described and otherwise complained of in Plaintiff's Complaint which acts and serves as the basis for Plaintiff's allegations of liability in this case.

Feel free to attach additional pages so as to allow for a full and complete answer.

Any information is to be divulged that is in the possession of the individual party and/or his or her attorneys, representatives, investigators, agents or employees.

If the Plaintiff filed any objections to any of these interrogatories propounded herein, it is demanded that the interrogatories not objected to be answered within the thirty (30) day period as aforesaid.

### Definitions

A. "You" or any derivation thereof, means the Plaintiff, and any agent, servant and/or employee thereof,

B. "Defendants" shall refer to each and every one of the Defendants identified in the caption to this action, in both his or her individual and official capacities.

C. The term "document" means, but is not limited to, all items or correspondence, facsimiles, diaries, notes, written drafts or a letter of facsimile sent, memoranda, notes or memoranda of telephone conversations, drawings, charts, graphs, photographs and other data compilations including, but not limited to electronically and computer stored information. The term also includes all copies or drafts of documents that have notes, writings, marks or other information appended thereto or written thereon. The term also includes financial statements, profit and loss statements, balance sheets, journals and other business and/or personal records of any type, part and description prepared, kept or maintained by you, whether currently in your possession, or in the possession of your counsel or any third party.

D. The term "representative" shall be liberally construed and shall include, but not be limited to, all agents, servants, insurers, parents, guardians, or other representatives.

E. "Discussion" shall be liberally construed and shall include, but not be limited to, all oral communications, including those held telephonically, face to face, or in any other fashion. If an Interrogatory or Request for Document requests that you provide information with regard to a particular discussion, please provide the approximate time and date

of the discussion; the names (and if known), the addresses and telephone numbers, of the individuals involved in the discussion; the location of the discussion; and the substance and/or subject matter of the discussion.

   F. When it is requested that the Plaintiff could "identify" a person, document, place, occurrence or thing, such request shall mean the following:

   (1) In the case of a person, the Plaintiff, at a minimum shall set forth the individual's full name, current or last known address, age, occupation, principal place of business, and dates or affiliation with any party to this litigation. Additional information may be requested and specific interrogatories.

   (2) In the case of a document, the Plaintiff is to identify the author, all persons receiving copies, the date the document was created, its title (if any), its present or last known address, its current disposition, all identifying marks, the name and address of its custodian, and the name, title and address of each person that wrote, signed, initialed, dictated, approved or otherwise participated in the drafting, creation, transmittal and/or communication of the document and the subject matter and the substance of the document itself.

   (3) In the case of a place, the Plaintiff is to identify the site by street, address or geographic location. If describing a location inside a building, the Plaintiff shall provide a general description of the dimensions, configuration and contents of the location.

   (4) In the case of an occurrence or event, the Plaintiff shall describe in full and complete detail, the event constituting the occurrence, the location of the occurrence, the date and the time of the occurrence, the parties involved and the results of the occurrence.

   (5) In the case of a thing or object, the Plaintiff shall provide a general physical description of the item.

      G.    Any requests seeking documents "from" one party "to" another party is intended to include all documents delivered, mailed, faxed, handed or in any other way transferred or transmitted by the first party identified to the second party identified.

      H.    You are requested to furnish all information in your possession and all information available to you, not merely such information, as you know or through your own personal knowledge, but also such a knowledge that is available to you, your agents, servants and/or representatives, by reason of inquiry, including inquiry of your representatives.

      I.    "Person" means any individual, firm, association, partnership, corporation, trustee or other entity and also, where relevant, the persons representing or acting for such "person."

      J.    "State" or "describe" means to set forth every fact relevant to the Answer of the Interrogatory and to set forth each such fact fully and unambiguously.

      K.    "Communication" or "communications" as used herein includes, without limitation, writings and printed matter of every kind and description, and oral statements, conversations, discussions and conferences.

      L.    "Document" or "documents" as used herein includes, without limitation, writings, drawings, graphs, charts, photographs, phono-records and any other compilations of data from which information can be obtained, translated, if necessary, into readily usable form, letters, memoranda, notes and statements.

      M.    If you are unable to respond to the following Interrogatories or Request for Production of Documents, please respond to the extent possible, specifically stating whether information or knowledge you may have concerning the portions to which you are not able to fully respond.

N.  You are also requested to fully state any and all objections that you may have to a particular Interrogatory or Request for Production of Documents, and to provide responses for all Interrogatories and Request for Production of Documents to which you have no objections.

## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

1. State:

(a) Your full name;

(b) Any other names you have used or been known by;

(c) Your date and place of birth;

(d) Your marital status at the time of the alleged purchase/sale of the property at issue;

(e) Your present marital status;

(f) Your present home address;

(g) Your social security number.

**ANSWER:**

2. What is your educational background, including any schools which you attended in the years during which you attended these schools and any degrees or certificates of completion received as a result of attendance at these schools?

**ANSWER:**

3.    What are the names and present addresses of any persons who have knowledge of any facts, events, conditions or circumstances concerning the alleged incident, either preceding, during or following said incident?

**ANSWER:**

4.    As to each person identified in your answer to Interrogatory No. 3, please state whether Plaintiff has a statement signed, unsigned, adopted or approved by such person.

**ANSWER:**

5.    As to each statement referred to in your response to Interrogatory No. 3, please state the following:

(a)    Whether this statement is in question and answer or narrative form;

(b)    Whether the person making the statement received a copy of the statement;

(c)    Whether the statement was signed;

(d)    If this statement was not signed, the method by which it was adopted or approved;

   (e) The name and present address of the person by whom the statement was taken;

   (f) When the statement was taken;

   (g) Where the statement was taken;

   (h) Please attach a copy of the statement to your responses to these Interrogatories.

   **ANSWER:**

6. Set forth names and addresses of any witnesses expected to testify on your behalf at the time of trial.

   **ANSWER:**

7. Please state the names and present address of each person Plaintiff expects to call as an expert witness at the time of trial.

   **ANSWER:**

8. As to each person identified in your response to Interrogatory No. 7, please state the following:

    (a) The substance of each fact to which he or she is expected to testify;

    (b) The substance of each opinion to which he or she is expected to testify;

    (c) The grounds for each opinion;

    (d) The background, training, experience and other qualifications of the expert.

**ANSWER:**

9. Do you have any plans, drawings, maps, photographs or any other claim records or films relating to the claim in this case?

**ANSWER:**

10. If your response to the preceding Interrogatory is in the affirmative, as to each item, please state the following:

    (a) Describe the nature and content of each item;

    (b) When it was made;

    (c) By whom it was made;

    (d) Who has possession of it;

    (e) May counsel review the same at a mutually convenient time?

**ANSWER:**

11. Do you have any charts, graphs or recordings related to the claim in this case?

**ANSWER:**

12. If the response to the preceding Interrogatory is in the affirmative, as to each item, please state the following:

    (a) Describe the nature and content of each item;

    (b) When it was made;

    (c) By whom it was made;

    (d) Who has possession of it;

    (e) May counsel review the same at a mutually convenient time.

**ANSWER:**

13. Please state whether Plaintiff or anyone acting on behalf of Plaintiff has conducted an investigation in this matter.

**ANSWER:**

14. As to each person identified in your response to Interrogatory No. 13, please state whether Plaintiff or Plaintiff's attorney has any reports, memoranda, notes or summaries from such individuals. If so, please attach a copy of such reports, memoranda, notes or summaries to these Answers to Interrogatories.

**ANSWER:**

15. Please set forth all of the damages that the Plaintiff is claiming to his property as a result of the alleged negligent conduct on the part of the Defendants.

**ANSWER:**

16. Has the Plaintiff received any estimates of repair for any of the damages alleged in the Plaintiff's Complaint? If so, please attach any and all estimates to the Plaintiff's responses.

**ANSWER:**

17. Did the Plaintiff have any inspections performed on the property prior to the purchase of the property? If so, please attach any and all inspection reports to these responses?

**ANSWER:**

18. If Plaintiff did not have any inspections performed of the property prior to the purchase, please state the reasons for not having the property inspected?

**ANSWER:**

19. Has the Plaintiff had any inspections performed of the property subsequent to purchasing the property? If so, please attach any and all inspection reports to these responses?

**ANSWER:**

19. If Plaintiff has not had any inspections performed of this property subsequent to the purchase of the property, please state the reasons why no inspection has been performed.

**ANSWER:**




20. Did the Plaintiff have a title search performed prior to the purchase of the property at issue? If so, please attach any and all title search results to these responses?

**ANSWER:**




21. If Plaintiff answered in the affirmative to Interrogatory No. 20, please indicate the result of the title search.

**ANSWER:**




22. If Plaintiff did not have a title search performed prior to the purchase of the property, please state the reasons for not having a title search performed.

**ANSWER:**

23. Has the Plaintiff been advised by anyone that there are any defects with the property?

**ANSWER:**

24. If the answer to the preceding interrogatory is in the affirmative, kindly set forth the following:

(a) Name of the individual and/or individuals who advised the Plaintiff;

(b) When that advice was provided to Plaintiff;

(c) The Plaintiff's response to this advice.

**ANSWER:**

25. Identify any and all individuals whom you have spoken with regarding the alleged claims made in Plaintiff's Complaint in the instant lawsuit.

**ANSWER:**

26. Set forth the company to which you have your homeowner's insurance or any insurance which would be applicable to the case at hand or the claims made in the instant lawsuit. Set for the police number …. Produce a declarations page regarding that.

**ANSWER:**

### REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please produce a copy of all documents identified in Plaintiff's Answers to Defendant's First Set of Interrogatories.

2. Produce all written, recorded or transcribed witness and party statements which, upon, refer or relate to the incident referred to in Plaintiff's Complaint, liability for claims arising out of the incident, any alleged injuries or damages, or any other matter relevant to the instant loss.

3. Produce all photographs, diagrams, sketches, plans, specifications or other similar documents that reflect, refer or relate to the property at issue in the instant lawsuit.

4. Produce all investigative reports, statements, memoranda, interview summaries, notes or similar documents which relate to the subject matter of this litigation, including but not limited to items prepared by insurers, investigators or other similarly situated individuals.

5. Produce a copy of all letters, correspondence, notes, memoranda, or similar documents that reflect, refer or relate to any written communications between the parties in the instant litigation or any third party concerning the claims made in Plaintiff's Complaint or the property at issue.

  6. Produce any and all documents received or sent by Plaintiff concerning any claims of defect of the property at issue in the instant lawsuit.

            Respectfully submitted,

            DICKIE, MCCAMEY & CHILCOTE, P.C.


           By_____
            Brant T. Miller, Esquire
            Jennifer L. Rea, Esquire

            Attorneys for Defendants, Thomas S.
            Castillenti and Reva J. Castillenti

**CERTIFICATE OF SERVICE**

I, Jennifer L. Rea, Esquire, hereby certify that true and correct copies of the foregoing **DEFENDANTS, THOMAS S. CASTILLENTI AND REVA J. CASTILLENTI, FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF** have been served this _____ day of May, 2005, by U.S. first-class mail, postage pre-paid, to counsel of record listed below:

Bryan Fife, Esquire
Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc.
2222 West Grandview Boulevard
Erie, PA 16506
*Attorney for Plaintiff*

DICKIE, McCAMEY & CHILCOTE, P.C.

By _____
   Jennifer L. Rea, Esquire

Attorneys for Defendants,
Thomas S. Castillenti and
Reva J. Castillenti